1  RAUL SALINAS (CA Bar No. 126922)
   rsalinas@adorno.com
2  RICK NAVARRETTE (CA Bar No. 122653)
   rnavarrette@adorno.com
3  T. MATTHEW HANSEN (CA Bar No. 231057)
   mhansen@adorno.com
4  ADORNO YOSS ALVARADO & SMITH
   A Professional Corporation
5  633 W. Fifth Street, Suite 1150
   Los Angeles, CA 90071
6  Tel: (213) 229-2400
   Fax: (213) 229-2499
7
   Attorneys for Defendant
8  Omnilife USA, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL  DISTRICT OF CALIFORNIA

11  LAURO GONZALEZ MORENO,            CASE NO.: CV07-7981 ABC (JCX)

12            Plaintiff,              **AMENDED ORDER ADMITTING
                                      PLAINTIFF'S MEXICAN LABOR
13  v.                               COMPLAINT AS AN OFFICIAL
                                      FOREIGN RECORD**
14  OMNILIFE DE MEXICO, S.A. de C.V.,
    GRUPO OMNILIFE, S.A. de C.V.,
15  OMNIHUMANA S.A. de C.V.,
    OMNILIFE USA, INC., JORGE
16  VERGARA MADRIGAL and DOES 1
    through 10, inclusive,
17
             Defendants.
18

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                              1

2016093.2

3.

1

## ORDER

2    A.    WHEREAS, the Court signed the Order Admitting Plaintiff's Mexican

3  Labor Complaint as an Official Foreign Record on March 13, 2009(the "Order"); and

4    B.    WHEREAS, the Order contained a typographic error on page 2, line 3,

5  with regard to the words "...to Participate in Private Mediation..." which words were

6  mistakenly included in the Order.

7    GOOD CAUSE APPEARING, IT IS ORDERED THAT:

8    1.    The Order shall be amended by the Amended Order to read as follows:

9       1.    The Stipulation Admitting Plaintiff's Mexican Labor Complaint as

10            an official foreign record in this action is approved;

11       2.    The copy of Plaintiff Lauro Gonzalez Moreno's complaint before

12            the Mexican Labor Tribunal (the "Mexican Complaint"), attached

13            hereto as Exhibit "1," shall be admitted into evidence as an official

14            foreign record; and

15       3.    The copy of the certified translation of the Mexican Complaint,

16            attached hereto as Exhibit "2," shall be admitted into evidence as a

17            certified translation of the Mexican Complaint.

18    IT IS SO ORDERED.

19                                  *Audrey B. Collins*

20  Dated:   MARCH 17, 2009   _____                                      _____

21                                  The Honorable Audrey B. Collins
                                    Judge of the United States District Court
22

23

24

25

26

27

28

2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
LOS ANGELES

2016093.2

4.

5.

# EXHIBIT "1"

cavazos flores, s.c.

LIC. JORGE CARLOS CAVAZOS CHENA
DESPACHO QUERETARO, S.C.
Tel. (42) 15-10-22 y 15-30-23
Queretaro, Qro

LIC. GUILLERMO CAVAZOS CHENA
BUFETE CAVAZOS FLORES Y ASOC
Tel. (66) 90-11-72 y 90-11-06 Fax (66) 90-11-79
Tijuana, B.C.

LIC. MA. DE LOS ANGELES LOPEZ MARTINEZ
DESPACHO SALTILLO, S.C.
Tel. (84) 3-39-73 y 4-96-75
Saltillo, Coah

LIC. ALFONSO MARTINEZ SUAREZ
Tel. (36) 13-30-97 y 56-17-99
Guadalajara, Jal

DR. BALTASAR CAVAZOS FLORES
LIC. HUMBERTO CAVAZOS CHENA
INSURGENTES SUR No. 605 8o. PISO COL. NAPOLES
DELEG. BENITO JUAREZ C.P. 03810 MEXICO, D.F.
TELS. 5 523-4030 * 5 523-6179 * 5 523-7636
5 523-1231 * 5 543-6195 * FAX 5 536-7110

LUIZ JOSE GUIMARAES FALCAO
...
Brasilia
...
Fax (61) 248 5074
E-mail: ...

DR. CASSIO MESQUITA BARROS
MESQUITA BARROS ADVOGADOS
Tel. (011) 214-05-68  Fax 231 05-30
CEP 01046-902 Sao Paulo, Brasil

DR. GUILLERMO LOPEZ GUERRA
Apdo. Aereo 2054
Tel. (571) 201-57-51  Fax 201-56-38
Santafe de Bogota, Colombia

LIC. OSCAR BEJARANO COTO
Apdo. 4200-1000
Tel. (506) 233-12-46 y 222-05-59  Fax (506) 221-19-53
San Jose, Costa Rica

LAURO ANDRES GONZALEZ MORENO
VS.
OMNILIFE DE MEXICO, S.A. DE C.V. Y OTROS

H. JUNTA FEDERAL DE
CONCILIACION Y ARBITRAJE

       HUMBERTO CAVAZOS CHENA y/o ARTURO ALVAREZ MANCILLA, en nuestro carácter de apoderados legales del actor LAURO ANDRES GONZALEZ MORENO, personalidad que acreditamos ante Usted en términos de la carta poder de fecha 25 de octubre de 2007, que anexamos con la presente demanda, solicitando se agregue a los autos del expediente citado al rubro y solicitando también nos sea reconocida la personalidad en términos de la carta poder citada, así como a los demás personas que se mencionan en la misma. señalando como domicilio para oír y recibir toda clase de notificaciones y documentos el ubicado en el octavo piso del edificio marcado con el número 605, de la Avenida de los Insurgentes Sur, Colonia Nápoles, Delegación Benito Juárez, Código Postal 03810, México, Distrito Federal, ante Usted con el debido respeto comparezco y expongo:

       Que de conformidad con las manifestaciones verbales del actor y siguiendo sus instrucciones verbales para la formulación de la demanda, se manifiesta la siguiente:

       Por medio del presente ocurso en nombre y representación del actor venimos a entablar formal demanda en contra de OMNILIFE DE MEXICO, S.A. DE C.V. y/o GRUPO OMNILIFE, S.A. DE C.V. y/o OMNILIFE MANUFACTURA MEXICO, S.A. DE C.V. y/o OMNILIFE HUMANA, S.A. DE C.V. y/o JORGE VERGARA MADRIGAL y/o quien resulte responsable de la fuente de trabajo que se dedica a la fabricación, elaboración, producción y envase de alimentos para el hombre, con domicilio para ser notificadas y emplazadas a juicio el ubicado en Avenida Paseo del Prado número 387-A, Colonia Lomas del Valle, Código Postal 45129, Zapopan, Jalisco, para lo cual solicitamos se gire el atento exhorto a la Junta Especial de la Federal de Conciliación y Arbitraje que corresponda, demandando de las personas mencionadas el pago y cumplimiento de las siguientes:

PRESTACIONES

       A).- El pago de la indemnización constitucional que de acuerdo al artículo 50 le corresponde al actor equivalente al pago de dos años de salarios, en virtud de que el actor fue contratado para prestar sus servicios por tiempo indefinido, pero con duración forzosa de dos años y que no pudo cumplir el actor ya que la relación laboral concluyó por causas únicamente imputables a los demandados.

       Independientemente de lo anterior, se reclama el importe de tres meses de salario y los salarios caídos que se generen desde la fecha del injustificado despido del actor hasta aquella en que se cumplimente el laudo dictado por la Autoridad.

DR. LUPO HERNANDEZ RUEDA
...
Santo Domingo, Rep. Dominicana

DR. JUAN A. SAGARDOY BENGOECHEA
...
Madrid, España

LIC. CARLOS MAURICIO MOLINA FONSECA
Tel. (503) 290-01-48
Fax (503) 271-11-25
San Salvador, Rep. del Salvador

LIC. AGUSTO VALENZUELA HERRERA
16 Calle 1-25, Zona 1, 01010
Tel. 831-41 y 435-20
Fax 271-34
Guatemala, Guatemala C.A.

**6.**

A continuación se transcribe textualmente el artículo 50 de la Ley Federal del Trabajo:"...Art. 50.- Las indemnizaciones a que se refiere el artículo anterior consistirán:

I.- Si la relación de trabajo fuere por tiempo determinado menor de un año, en una cantidad igual al importe de los salarios de la mitad del tiempo de servicios prestados; si excediera de un año, en una cantidad igual al importe de los salards de seis meses por el primer año y de veinte días por cada uno de los siguientes en que hubiese prestado sus servicios;

II.- Si la relación de trabajo fuere por tiempo indeterminado, la indemnización consistirá en veinte días de salario por cada uno de los años de servicios prestados; y

III.- Además de las indemnizaciones a que se refieren las fracciones anteriores, en el importe de tres meses de salario y en el de los salarios vencidos desde la fecha del despido hasta que se paguen las indemnizaciones...,"

B).- El pago del bono anual por la cantidad de USD1'000,000 (un millón de dólares americanos), netos de impuestos que fue pactado entre los demandados y el actor en los siguientes términos:

Contrato con duración mínima de dos años
Compensación fija:
1.- Compensación mensual;
2.- Aguinaldo por 1.5 meses de compensación mensual neta

Compensación variable fija:
1.- Bono anual de por lo menos 500,000 USD (quinientos mil dólares americanos), (netos de impuestos);
Pagado 50% a la firma y 50% en el aniversario de dicha firma;
2.- Segundo año: 50% en el aniversario de la firma y 50% al término de los dos años.

Las indemnizaciones reclamadas y los salarios caídos deberán ser pagados a salario integrado, tomando en cuenta lo siguiente:

Fue contratado el actor con una compensación neta de USD50,000 (cincuenta mil dólares americanos), netos de impuestos, aguinaldo correspondiente a 1.5 meses de compensación mensual neta, bono anual por USD500,000 (quinientos mil dólares americanos), netos, garantizado por dos años seguro de vida y gastos médicos (internacional), automóvil ejecutivo en los Ángeles, California, uso de automóvil y chofer en Guadalajara, boletos de avión en clase ejecutiva o primera para viajes menores a tres horas y primera clase para viajes mayores de cinco horas, hospedaje ejecutivo en Guadalajara, parte proporcional de vacaciones, prima vacacional y aguinaldo.

Se funda la demanda en los siguientes:

H E C H O S

PRIMERO.- El día 20 de junio de 2007, JORGE VERGARA MADRIGAL, citó al actor en la ciudad de Guadalajara para intercambiar impresiones

7.

LP LHE, 06 111000      DiVuuro J Siiier Arguell   55748708                    P.4

3

con relación a su contratación del propio actor  el día 27 de julio de 2007 y que iniciará su relación laboral mediante documento que señala sus condiciones de trabajo.

El día 23 de julio de 2007 el actor tuvo una reunión en las oficinas de Guadalajara con JUAN JOSE FRANGIE, Director General del Club Deportivo Guadalajara, estando presentes RAUL CUEVAS, Director Financiero de Omnilife y FRANCISCO BORREGO, cuñado de JORGE VERGARA MADRIGAL y empresario de bienes raíces.

El día 27 de julio de 2007, el actor tuvo una reunión JORGE VERGARA MADRIGAL en el Four Seasons en México, donde se señalaron los términos de la contratación del actor y se estamparon por escrito, incluso el señor JORGE VERGARA MADRIGAL escribió notas de su puño y letra en relación al salario y prestaciones del actor y la integración de las mismas.

En esa  misma fecha 27 de julio de 2007, se entrevistó el actor con ANGELINA FUENTES, persona que ejerce funciones de dirección y administración en las empresas demandadas.

El día 13 de agosto de 2007, Cristina Ibarbia  llamó al actor para darle la bienvenida oficial a la organización y discutir la forma en que se documentaria su incorporación al grupo.

Lo anterior, quedó por escrito en un correo electrónico de bienvenida y en donde le ofreció su apoyo incondicional por su incorporación a la organización.

El día 15 de agosto de 2007, nuevamente Cristina Ibarbia le mandó informes confidenciales al actor, proporcionados por Amrop Internacional, con los candidatos finales para el puesto de Gerente de Finanzas de CFO.

El día 16 de agosto de 2007, JORGE VERGARA MADRIGAL, le llamó al actor para informarle que representantes del Financiero se comunicaron con el propio JORGE VERGARA MADRIGAL,  para preguntarle de la integración del actor al grupo de empresas demandadas, por lo que se acordó  enviar una nota periodistica a más tardar el día 22 de agosto de 2007.

Del 17 al 20 de agosto de 2007, trabajo el actor conjuntamente con Cristina Ibarbia para elaborar los informes de prensa internos que describieran las funciones que desarrollaría el propio actor.

El dia 20 de agosto de 2007, JORGE VERGARA MADRIGAL le agradeció a actor su ingreso al Grupo Omnilife y principalmente como su segundo a bordo, así mismo, comentaron la forma de contratar al Director de Finanzas.

El dia 21 de agosto de 2007, Omnilife emitió comunicados informando la designación del actor como Presidente Ejecutivo.

Ese mismo día 21 de agosto de 2007 en la tarde, hablo el actor con JORGE VERGARA MADRIGAL telefónicamente acerca de la reacción de los medios y de la reacción interna por del puesto de Presidente Ejecutivo que ejercería el

actor y le manifestó al propio actor, que tanto las reacciones internas, como las externas fueron muy lucrativas, debido a su gran cobertura mediática por la designación del actor como Presidente Ejecutivo de Grupo Omnilife y por ello recibió, tanto por correo electrónico, como por teléfono felicitaciones por su ingreso a Grupo Omnilife y por su trabajo con JORGE VERGARA MADRIGAL.

El día 22 de agosto de 2007, hablo el actor con el señor JORGE VERGARA MADRIGAL acerca de la necesidad de contratar una asistente ejecutiva para el propio actor.

El día 23 de agosto de 2007, Cristina Ibarbia elaboró una descripción del puesto para la asistente ejecutiva del actor y le informó de la contratación de una cuenta de correo electrónico y celular para el propio actor.

El día 20 de agosto de 2007, el actor mantuvo conversaciones telefónicas sobre la necesidad de la contratación del Director de Finanzas y pedió una conferencia telefónica con la firma encargada de hacer dicho reclutamiento y su asesoría para las citas de las entrevistas correspondientes, las cuales tendrían lugar el 05 de septiembre de 2007 en la ciudad de México; en esa misma fecha, le urgió el actor a Cristina Ibarbia le enviará su contrato de trabajo del propio actor, debidamente firmado con fecha 27 de julio de 2007.

El día 28 de agosto de 2007, se hicieron diversas llamadas con Cristina Ibarbia relativas al teléfono celular, tipo de automóvil que se tendría que comprar para la prestación de los servicios del actor en los Ángeles, California, lugar donde prestaría sus servicios, así como a la contratación de su propia asistente ejecutiva.

El mismo día 28 de agosto de 2007, Sara Cortina, Asistente Ejecutiva de JORGE VERGARA MADRIGAL le envió las políticas electrónicas para su traslado a la ciudad de Guadalajara y la ciudad de México.

También el día 28 de agosto de 2007 el actor recibió información de una junta con Monica Janet, Directora de Negocios Estratégicos, con el objeto de discutir los planes de negocio de Omnilife China y Omnilife India; así mismo, le informó al actor que debería de tener una junta con ella antes de viajar a China el domingo 02 de septiembre de 2007.

El día 29 de agosto de 2007, Cristina Ibarbia y Felipe Ribelles, socio de la firma Amrop Interntional, tuvieron con el actor una conferencia telefónica, de más de dos horas, en la cual, se habló sobre la lista final de candidatos para el puesto de Director de Finanzas; de igual forma se habló de la necesidad de contar con un día completo de entrevistas, y solicitó el actor que incluyeran a Cindy Pelini en la lista de candidatos, esta última persona fue formalmente incluida en el proceso de selección.

El día 30 de agosto de 2007, llegó el actor a Guadalajara, como un día normal de trabajo en las oficinas generales de Omnilife, solicitando el mismo una cita con JORGE VERGARA MADRIGAL, pero Sara Cortinas, le comunicó al actor que JORGE VERGARA MADRIGAL prefería reunirse con el propio actor el viernes en la mañana.

9.