RAUL F. SALINAS (CA Bar No. 126922)
rsalinas@adorno.com
RICK D. NAVARRETTE (CA Bar No. 122653)
rnavarrette@adorno.com
T. MATTHEW HANSEN (CA Bar No. 231057)
mhansen@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
633 W. Fifth Street, Suite 1150
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Defendant
Omnilife USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURO GONZALEZ MORENO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>OMNILIFE DE MEXICO, S.A. de C.V., et al.,<br><br>    Defendant. | CASE NO.: CV07-7981 ABC (JCX)<br><br>JUDGE:    Hon. Audrey Collins<br><br>**DEFENDANT OMNILIFE USA, INC.'S REPLY TO PLAINTIFF LAURO GONZALEZ MORENO'S OPPOSITION TO NOTICE OF MOTION TO DISMISS FIRST AMENDED COMPLAINT BASED ON *FORUM NON CONVENIENS* OR THE ABSTENTION DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:    March 30, 2009<br>TIME:    10:00 a.m.<br>CTRM:    680<br>                 255 East Temple St.,<br>                 Los Angeles CA |

///
///
///
///
///

1

2016439.4

# TABLE OF CONTENTS

Page

I.   SUMMARY ........................................................................................................2
II.  LEGAL ARGUMENT ......................................................................................2
     A.  Plaintiff Has Done Absolutely Nothing To Prosecute His Case......2
     B.  The Filing of the Motion in March 2009 Does Not Serve As A
         Waiver to Omnilife USA's Rights..........................................................3
     C.  Plaintiff Has Met Its Burden Under Both Forum Non
         Conveniens and the Colorado River Doctrine....................................4
         1.  Dismissal Is Warranted Under Forum Non Conveniens ......4
         2.  Dismissal Is Warranted Under the International
             Abstention Doctrine ....................................................................6
             a.  Plaintiff Attempts to Allege New Facts..........................7
             b.  Plaintiff's Filing of the Mexican Case Supports
                 Dismissal ..............................................................................8
III. CONCLUSION ..................................................................................................9

i

2016439.4

# TABLE OF AUTHORITIES

Page

**Cases**

Arno v. Club Med Inc.,
  22 F.3d 1464, 1467 (9th Cir. 1994)...............................................................7
Colorado River Water Conservation Dist. v. United States,
  424 U.S. 800 (1976).....................................................................................7
DTEX, LLC v. BBVA Bancomer, S.A.,
  508 F.3d 785, 795 (5th Cir. 2007)............................................................5, 7
Eire R.R. Co. v. Tompkins,
  304 U.S. 64 (1938).......................................................................................7
Gonzalez v. Chrysler Corp,
  301 F3d 377, 383 (5th Cir. 2002).............................................................8, 9
Gonzalez v. Naviera Neptuno A.A.,
  832 F.2d 876, 880 fn. 2. (5th Cir. 1987)......................................................6
Gulf Oil Corp. v. Gilbert,
  330 U.S. 501, 509 (1947).............................................................................7
Leon v. Millon Air, Inc.,
  251 F3d 1305, 1314 (11th Cir. 2001)..........................................................9
Mujica v. Occidental Petroleum,
  381 F.Supp.2d 1134, 1157 (2005)...............................................................7
Piper Aircraft Co. v. Reyno,
  454 US 235, 256 (1981)..............................................................................6
Travelers Ins. Co. v. Workmen's Comp.App. Bd.,
  68 Cal.2d 7 (1967).......................................................................................7
Zelinski v. Columbia 300, Inc.,
  335 F. 3d 633, 643 (7th Cir. 2003)..............................................................3

**Statutes**

California *Civil Code*
  Section 1646................................................................................................7

2016439.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

Plaintiff's opposition to Omnilife USA's motion to dismiss illustrates why the motion should be granted rather than denied. There is no substance to the claim that the facts and the legal theories alleged in the First Amended Complaint ("FAC") significantly differ from the lawsuit filed in Mexico ("Mexican Lawsuit"). The supposed distinctions between the Mexican Lawsuit and the FAC before this Court are insufficient to warrant a denial of the motion. Moreover, the public and private interest factors weigh in Omnilife USA's favor. Furthermore, Plaintiff offers generic and unsubstantiated opinions alleging that the instant matter and the Mexican Lawsuit differ. In addition, Plaintiff claims prejudice based on the date of the filing of the instant motion, even though he has not engaged in any discovery whatsoever. Finally, Plaintiff also argues that potential witnesses could be deposed in the United States notwithstanding the lack of personal jurisdiction. None of these arguments are compelling, and can be summarily dispensed with.

## II. LEGAL ARGUMENT

### A. Plaintiff Has Done Absolutely Nothing to Prosecute His Case

Plaintiff has not taken any steps to prosecute his case since filing the FAC. Plaintiff has not served any discovery on Omnilife USA, nor has Plaintiff issued a deposition subpoena for either of the key witnesses he identified in the Opposition—defendant Jorge Vergara Madrigal ("Mr. Vergara") or Angelica Fuentes ("Ms. Fuentes") notwithstanding the fact that the discovery cut-off passed on March 16, 2009. (Declaration of T. Matthew Hansen ("Hansen Dec.") at ¶ 2).

Omnilife USA has propounded discovery to determine what witnesses, if any, support Plaintiff's claims. (Hansen Dec. at ¶ 3). Plaintiff has not yet answered any of the discovery requests propounded by Omnilife USA, notwithstanding the fact that the responses were due on March 16, 2009, nor did Plaintiff appear at his properly noticed

2016439.4

deposition of March 16, 2009 because of his counsel's calendar conflict.[1] (Hansen Dec. at ¶ 4). Plaintiff should not, therefore, be rewarded for failing to prosecute his case, or failing to disclose which witnesses support his claims by having the instant motion denied based on purported prejudice.

### B. The Filing of the Motion in March 2009 Does Not Serve As A Waiver to Omnilife USA's Rights

Plaintiff argues that Omnilife USA should be precluded from having this case dismissed because it waited until the end of the law and motion cut-off to file the instant motion. Such argument does not lack merit.

First, timing is not an issue. In the case cited by Plaintiff, *Zelinski v. Columbia 300, Inc.*, 335 F. 3d 633, 643 (7th Cir. 2003), the court denied a similar motion brought one month before the trial date, after significant work had already been done in the case by the parties, and after significant discovery had already been concluded in the case. That is not the situation here. Plaintiff has not done any discovery at all.

Second, the filing of the instant motion was within the law and motion calendar set by the Court. Omnilife USA filed the instant motion within the cut-off date of March 30, 2009 issued by this Court for all law and motion. Moreover, Plaintiff has not been prejudiced. Plaintiff did not propound any discovery in this case at all. The discovery cut-off of March 16, 2009 passed silently into the night without Plaintiff propounding interrogatories, document demands, or any notices of deposition. (Hansen Dec. at ¶ 4). The only party that has conducted any discovery in this case is Omnilife USA, and Plaintiff has failed to respond to any of Omnilife USA's discovery or make Plaintiff available as a witness until April 1, 2009. (Hansen Dec. at ¶ 5). Furthermore, the parties have not yet scheduled mediation, and have delayed doing so until after the resolution of this motion. (Hansen Dec. at ¶ 6). Thus, based on the above, the fact that Omnilife USA filed the matter almost four months prior to trial

---

[1] The parties have recently agreed to reset the deposition of Plaintiff to April 1, 2009 in the event this motion is not granted.

3

2016439.4

should not serve as a waiver to dismissal based on *forum non conveniens*.

Third, given that Plaintiff is believed to a Mexican citizen, and that he has already initiated an action in Mexico, Plaintiff cannot now argue prejudice in dismissing this action in favor of allowing the matter to be resolved in the alternative forum of Mexico that he has already chosen.

Last, Plaintiff also argues that Omnilife USA failed to disclose that it would be filing this motion in its initial joint statement. However, such an argument is disingenuous. Initially, when the parties filed their joint statement, Omnilife USA was unaware that the Mexican Lawsuit existed and Plaintiff did not disclose it. Omnilife USA did not know of the Mexican Lawsuit until early 2008, and only discovered the existence of the Mexican Lawsuit through independent investigation.

### C. Plaintiff Has Met Its Burden Under Both Forum Non Conveniens and the Colorado River Doctrine

Plaintiff argues that dismissal is not proper under either the under the concept of *forum non conveniens* or the foreign abstention doctrine based on his understanding of the *Colorado River Doctrine*. Plaintiff fundamentally misunderstands both *forum non conveniens* and the doctrine of international abstention. Indeed, he mixes the public private factors found under *forum non conveniens* with the six prong test under the *Colorado River Doctrine*. Omnilife USA is entitled to a dismissal of the FAC under either of these legal theories.

#### 1. Dismissal Is Warranted Under Forum Non Conveniens

Contrary to Plaintiff's arguments, Omnilife USA has met the burden of proof. An adequate alternative forum exists in Mexico. Plaintiff filed a substantially similar lawsuit in Mexico, and under the circumstances, the public and private factors weigh in favor of dismissal. The plain facts and legal theories as alleged in the FAC, along with the declarations by a Mexican expert and Mexican attorney, provide the factual support for dismissal based on *forum non conveniens*. Indeed, Plaintiff himself provided the majority of the factual support necessary to dismiss this case in his

4

2016439.4

1  FAC.[2]

2  Mexico is a viable alternative forum as evidenced by the Declaration of Luis Omar Guerrero Rodriguez ("Guerrero Declaration"). *See also, DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 795 (5th Cir. 2007). Second, the "private interest" factors favor dismissal of the case as Plaintiff has already admitted that: Omnilife USA is an agent/subsidiary of the other unserved defendants;[3] the remaining unserved defendants all are either located in Guadalajara, Mexico or are residents of Mexico;[4] Mr. Vergara is not alleged to reside in California, but rather in Guadalajara, Mexico;[5] Mr. Vergara is alleged to have terminated the alleged employment agreement in Mexico;[6] and Ms. Fuentes is alleged to be the CEO of companies primarily based in Guadalajara, Mexico and the wife of Mr. Vergara, who resides in Mexico.[7] Thus, Plaintiff in the FAC has already alleged that the majority of the parties and witnesses involved in this litigation are located in or residents of Guadalajara, Mexico, and not California.

Likewise, the "public interest facts" weigh in favor of dismissal as the majority of the unserved defendants in this case have already been served and have appeared in the Mexican Case, the Mexican Federal Labor Tribunal is already in the process of resolving this matter under Mexican law, and the substantive law of the case is Mexican law. *See generally*, Declarations of Juan Jose Arconada and Luis Omar Guerrero Rodriguez in support of Motion; *see also*, Notice of Lodging;[8] *see Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 771 (9th Cir. 1991)

---

[2] FAC at ¶ 4, 5, 14, 15, and 20.
[3] FAC at ¶ 9.
[4] FAC at ¶ 4-6.
[5] FAC at ¶ 6.
[6] FAC at ¶ 20.
[7] FAC at ¶ 22 and Opposition at 5:7-10.
[8] The Parties stipulated to the veracity of the Mexican Complaint, and the Court, by way of order, deemed the Mexican Complaint an official foreign record.

1  (holding that the public interest factors to be considered in *forum non conveniens*
2  matters to include "court congestion, local interest in resolving the controversy, and
3  preference for having a forum apply a law with which it is familiar."). Indeed, as is
4  the case here, the courts have found that dismissal of a matter under the doctrine of
5  *forum non conveniens* is appropriate if foreign law will predominate if jurisdiction
6  were retained. *See Gonzalez v. Naviera Neptuno A.A.*, 832 F.2d 876, 880 fn. 2. (5th
7  Cir. 1987).

8      Moreover, Plaintiff is not entitled to any deference for his choice of forum in
9  the United States as he is believed to be a citizen of Mexico. While Plaintiff now calls
10 himself a "citizen of California" without declaring himself a citizen of either the
11 United States or Mexico, "citizenship" or residency in a State is not the applicable
12 standard for deference by the courts. Where the plaintiff is not a United States citizen,
13 the court is not required to grant deference to the plaintiff's choice of forum,
14 particularly when the suit is based on claims arising outside the United States, as is the
15 case here. *Piper Aircraft Co. v. Reyno*, 454 US 235, 256 (1981). Moreover, judicial
16 economy is not served by allowing two matters to run concurrently in two separate
17 and distinct jurisdictions as there is significant risk of inconsistent judgment, collateral
18 estoppels and res adjudicata.

19     **2.**     **Dismissal Is Warranted Under the International Abstention**
20             **Doctrine**

21     Omnilife USA is also entitled to dismissal under the international abstention
22 doctrine ("International Abstention"). Contrary to Plaintiff's arguments in the
23 Opposition, the Colorado River Doctrine supports dismissal in this matter based on
24 International Abstention. Under the Colorado River Doctrine, a court may decline to
25 exercise jurisdiction based on six factors.[9] *Mujica v. Occidental Petroleum*, 381

---

[9] (1) Whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law

6

2016439.4

F.Supp.2d 1134, 1157 (2005). Omnilife USA has demonstrated that those six factors considered under the Colorado Doctrine support its motion: (1) Mexico has already asserted jurisdiction over the alleged employment agreement that is at the core of this lawsuit; (2) Mexico is a more convenient forum for all the parties given that the majority of the defendants reside in or are located in Mexico, and plaintiff is a Mexican citizen; (3) litigating both matters simultaneously gives rise to a significant risk of multiple judgments and orders; (4) Plaintiff elected to file a second lawsuit in Mexico based on the same facts and circumstances in this case; (5) given that under *Eire R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), the substantive law that applies to the claims made by Plaintiff are based on state law, and California state law provides for the application of Mexican law for breaches of employment contracts;[10] and Mexico is an adequate forum to protect the parties' rights.[11]

### a. Plaintiff Attempts to Allege New Facts

To avoid dismissal under International Abstention, Plaintiff now attempts to rewrite the FAC, and allege unsupported facts in his Opposition. In the Opposition, Plaintiff alleges that the alleged "employment agreement was made here." (Opposition at 6:16). However, such a statement is contradicted by the FAC wherein Plaintiff alleges that the employment agreement was negotiated, performed, and terminated in Mexico. (FAC at ¶¶ 4, 5, 15, 20). Likewise, Plaintiff argues that the "main witnesses are located here or travel here on a regular basis." (Opposition at

---

control; and (6) whether the state proceeding is adequate to protect the parties' rights. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)

[10] *Arno v. Club Med Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947) (holding that where the case calls for the application of foreign law, the public interest consideration tends to favor dismissal under the doctrine of *forum non conveniens*); *Travelers Ins. Co. v. Workmen's Comp.App. Bd.*, 68 Cal.2d 7 (1967) (holding that California will adopt foreign laws when it is appropriate in light of the significant interests in the particular case); California *Civil Code* (CC) § 1646 (stating that "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made.")

[11] *See DTEX*, *supra*, 508 F.3d at 795 (5th Cir. 2007).

7

6:17-19). This is not supported by the FAC, and only now alleged in Plaintiff's Declaration. Nor is such a statement supported by the Plaintiff's own earlier assertions that he could not serve the other defendants in this matter since they are Mexican residents.

Plaintiff also now improperly alleges that he negotiated the terms and entered into the alleged employment agreement while residing in Los Angeles and that he was to be compensated under his employment agreement by Omnilife USA, "inasmuch as plaintiff wanted the protection of being able to look to a United States entity for payment." (Opposition at 3:16-18). Interestingly, Plaintiff does not deny that he negotiated the alleged employment agreement in Mexico, but rather qualifies his statements that he was residing in Los Angeles during this time.

### b. Plaintiff's Filing of the Mexican Case Supports Dismissal

Moreover, the fact that Plaintiff filed the Mexican Case supports dismissal. Plaintiff admits that it has availed itself of Mexican jurisdiction when he filed an action against the "Omnilife Mexican-entity defendants under Mexico's 'Federal Labor Act' to recover severance pay and related damages…." (Opposition at 4:6-8). Plaintiff seeks two bites at the proverbial "apple" by initiating a lawsuit in the United States, and then three (3) months later initiating another substantively similar lawsuit in Mexico. Such actions do not support Plaintiff's arguments that he had chosen this Court as the most adequate forum for resolving his claims, nor does it weigh in favor of supporting plaintiff's choice of forum.

An alternative forum is not inadequate simply because it provides a different range of remedies for the same alleged misconduct, the damages differ, or even if the procedural differences between the United States court and the foreign court differ as to substantial rights (i.e. no right to jury trial). *See Lockman Foundation v. Evangelical Alliance Mission*, 930 F.2d 764, 768 (9th Cir. 1991); *Gonzalez v. Chrysler Corp*, 301 F3d 377, 383 (5th Cir. 2002). As such, dismissal is warranted under Abstention.

8

1 | Plaintiff ignores the reasoning in *Lockman* and *Gonzalez*. Rather, he summarily claims that there is a substantive difference between the instant matter and the action in Mexico. The standard is whether the Mexican court has asserted jurisdiction and whether the Mexican proceeding is adequate to protect the Plaintiff's rights. In both cases, the answer is a resounding yes. *See* Motion, pp. 17-18. Furthermore, the fact that the Mexican proceeding may take between one to two years before the case is resolved is of no legal significance. *See Leon v. Millon Air, Inc.*, 251 F3d 1305, 1314 (11th Cir. 2001) (holding that Ecuador was not an inadequate forum simply because of congestion and delays of a few years in the Ecuadorian court system).

Likewise, the fact that the remedies sought by Plaintiff in the instant matter differ from the remedies available to Plaintiff in Mexico does not preclude this Court from dismissing the case.

### III. CONCLUSION

For the foregoing reasons, Omnilife USA respectfully requests that Plaintiff's claims, separately presented, be dismissed under the doctrine of *forum non conveniens* or abstention. Alternatively, in the event the Court declines to dismiss the matter, Omnilife USA respectfully requests that the Court substantively apply Mexican law in resolving this case.

DATED: March 23, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /S/ T. Matthew Hansen
    T. MATTHEW HANSEN
    Attorneys for Defendant
    Omnilife USA, Inc.

2016439.4