```
 1  RAUL F. SALINAS (CA Bar No. 126922)
    rsalinas@adorno.com
 2  RICK D. NAVARRETTE (CA Bar No. 122653)
    rnavarrette@adorno.com
 3  T. MATTHEW HANSEN (CA Bar No. 231057)
    mhansen@adorno.com
 4  ADORNO YOSS ALVARADO & SMITH
    A Professional Corporation
 5  633 W. Fifth Street, Suite 1150
    Los Angeles, CA 90071
 6  Tel: (213) 229-2400
    Fax: (213) 229-2499
 7
    Attorneys for Defendant
 8  Omnilife USA, Inc.
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| LAURO GONZALEZ MORENO, | CASE NO.: CV07-7981 ABC (JCX) |
|---|---|
| Plaintiffs, | JUDGE: Hon. Audrey Collins |
| v. | **DECLARATION OF T. MATTHEW HANSEN IN SUPPORT OF DEFENDANT OMNILIFE USA, INC.'S REPLY TO PLAINTIFF LAURO GONZALEZ MORENO'S OPPOSITION TO OMNILIFE USA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT BASED ON *FORUM NON CONVENIENS* OR THE ABSTENTION DOCTRINE** |
| OMNILIFE DE MEXICO, S.A. de C.V., GRUPO OMNILIFE, S.A. de C.V., OMNILIFE USA, INC., JORGE VERGARA MADRIGAL and DOES 1 through 10, inclusive, | |
| Defendants. | |
| | DATE: March 30, 2009<br>TIME: 10:00.m.<br>CTRM: 680<br>255 East Temple St.,<br>Los Angeles CA |

```
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///
```

1

## DECLARATION OF T. MATTHEW HANSEN

I, T. MATTHEW HANSEN, declare as follows:

1. I am an Associate with the law firm of Adorno Yoss Alvarado & Smith, a Professional Corporation, attorneys of record herein for Defendant Omnilife USA, Inc. ("Omnilife USA") in the above-captioned action ("Action"). I have been duly admitted to practice law in the State of California. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2. Plaintiff Lauro Gonzalez Moreno ("Plaintiff") has not served any discovery on Omnilife USA, nor has Plaintiff issued a deposition subpoena for either of the key witnesses he identified in the Opposition—defendant Jorge Vergara Madrigal ("Mr. Vergara") or Angelica Fuentes ("Ms. Fuentes") notwithstanding the fact that the discovery cut-off passed on March 16, 2009.

3. Omnilife USA has propounded discovery to determine what witnesses, if any, support Plaintiff's claims.

4. Plaintiff has not yet answered any of the discovery requests propounded by Omnilife USA, notwithstanding the fact that the responses were due on March 16, 2009, nor did Plaintiff appear at his properly noticed deposition of March 16, 2009 because of his counsel's calendar conflict.[1] The discovery cut-off of March 16, 2009 passed silently into the night without Plaintiff propounding interrogatories, document demands, or any notices of deposition.

5. The only party that has conducted any discovery in this case is Omnilife USA, and Plaintiff has failed to respond to any of Omnilife USA's discovery or make Plaintiff available as a witness until April 1, 2009.

///

///

---

[1] The parties have recently agreed to reset the deposition of Plaintiff to April 1, 2009 in the event this motion is not granted.

1

6. Furthermore, the parties have not yet scheduled mediation, and have delayed doing so until after the resolution of this motion. (Navarrette Dec. at ¶ 6).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on March 20, 2009 at Los Angeles, California.

_____
T. MATTHEW HANSEN

2016517.1