JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| LAURO GONZALEZ MORENO, | CV 07-07981 ABC (JCx) |
|---|---|
| Plaintiff, | ORDER DISMISSING CASE |
| v. | |
| OMNILIFE DE MEXICO, S.A. DE C.V., et al. | |
| Defendants. | |

## I.   INTRODUCTION

Plaintiff Lauro Gonzalez Moreno brought suit against defendants Omnilife de Mexico, S.A. de C.V., Grupo Omnilife S.A. de C.V., OmniHumana S.A. de C.V., Omnilife USA, Inc. and Jorge Vergara Madrigal (defendants collectively referred to as "Omnilife Defendants"). (First Amended Complaint (Docket No. 19).)  Moreno claims he was hired by the Omnilife Defendants but that shortly after joining the company he was summarily fired in violation of his employment agreement which provided for two years of employment and at least $500,000 in annual bonus compensation.  Moreno brings claims for breach of contract,

promissory estoppel, fraud and negligent misrepresentation.  Discovery in this matter has closed and the deadline for filing dispositive motions has now passed.  The matter is set for trial on June 30, 2009.

Separate from this action, Moreno has also brought claims in Mexico against Omnilife de Mexico, S.A. de C.V., Grupo Omnilife S.A. de C.V., Omnilife Manufactura Mexico, S.A. de C.V., Omnilife Humana, S.A. de C.V. and Jorge Vergara Madrigal ("Mexican Action").  (Mexican Federal Mediation and Arbitration Board Complaint ("Mexican Complaint") (Docket No. 40).)  Obviously, the Mexican Action was brought against some of the same parties that are named in this matter.

Pending before the Court is a motion to dismiss--brought before the motion cut-off deadline--from Omnilife USA, Inc. ("Omnilife USA").[1]  Omnilife seeks dismissal based on the doctrine of <u>forum non conveniens</u>, a stay or dismissal based on abstention, and, if the case proceeds before this Court, a determination that Mexican law applies. For the reasons discussed below, the Court **GRANTS** the motion to dismiss based on <u>forum non conveniens</u>.

## II.  LEGAL STANDARD

In order to dismiss an action based on the doctrine of <u>forum non conveniens</u>, the Court must examine: (1) whether an adequate alternate forum exists, and (2) whether the balance of private and public interests favor dismissal.  <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 254 n. 22 (1981); <u>Lockman Foundation v. Evangelical Alliance Mission</u>, 930 F.2d 764, 767 (9th Cir. 1991).  When the plaintiff is not a United States citizen, substantially less deference is given to plaintiff's

---

[1] Omnilife USA is not named in the Mexican Action and is the only defendant in this matter who has been served.

1 preference.  <u>Piper Aircraft</u>, 454 U.S. at 256.

2 An alternative forum typically exists when defendants are

3 amenable to service of process in the foreign forum.  <u>Lockman</u>, 930

4 F.2d at 768.  A foreign forum should provides plaintiff with a

5 sufficient remedy for his or her wrong.  <u>Id.</u>  Balancing private

6 interests involves consideration of "ease of access to source of

7 proof; availability of compulsory process for attendance of unwilling

8 witnesses, and cost of obtaining attendance of willing witnesses; and

9 likelihood of a fair trial."  <u>Dole Food Co. v. Watts</u>, 303 F.3d 1104,

10 1119 (9th Cir. 2002).  Balancing public interest factors involves

11 consideration of "court congestion, local interest in resolving the

12 controversy, and preference for having a forum apply a law with which

13 it is familiar."  <u>Dole</u>, 303 F.3d at 1119.

14 **III.  DISCUSSION**

15 The Mexican legal system provides an adequate forum for

16 resolution of Moreno's claims.  The best example of this is the

17 complaint Moreno filed--in Mexico--before the Federal Mediation and

18 Arbitration Board.  Moreno argues that the Mexican Action is "to

19 recover severance pay and related damages" and that the "legal

20 theories of recovery are different and the potential remedies are

21 different" in the Mexican Action than presented here. (Opp. (Docket

22 No. 39) at 4.)  However, the Mexican Action is not simply for

23 severance pay.  Moreno also seeks "[p]ayment of the annual bonus in

24 the sum of USD 1,000,000."  (Mexican Complaint at 2.)  This is

25 encompassed in what Moreno seeks here.  (<u>See</u> First Amended Complaint

26 ¶ 47 ("Plaintiff has sustained and continues to sustain substantial

27 losses in . . . bonuses").)  Granted, Moreno brings claims here that

28 are not asserted in the Mexican Action.  However, "[t]he possibility

of a change in substantive law should ordinarily not be given

conclusive or even substantial weight in the forum non conveniens

inquiry." Piper Aircraft, 454 U.S. at 247.  Because Omnilife USA,

Inc. has consented to service of process in Mexico and to the

jurisdiction of Mexican courts, Mexico is an adequate and available

forum for Moreno's claims.[2, 3]

As to the balance of private and public interests, Moreno argues

that Mexico is not the proper forum because Moreno "[f]or the most

part . . . negotiated the terms and entered into the agreement while

residing in Los Angeles, California." (Opp. at 3; see Opp. at 6.)

However, nowhere in Moreno's declaration does he state that the

agreement was negotiated in California. i.e., that Moreno was

physically in California during the negotiations.  Indeed, Moreno's

Mexican Complaint actually asserts the contrary--Moreno met with

Omnilife personnel in Guadalajara, Mexico on July 23, 2007 and in

Mexico City, Mexico on July 27, 2007. (Mexican Complaint at 2-3.)

Furthermore, it was on July 27, 2007 that "agreements were reached" as

to Moreno's position, term of employment, and compensation.  (Mexican

---

[2]Omnilife USA, Inc. does not explicitly agree to service of process in Mexico and consent to the jurisdiction of the Mexican courts.  However, the Court **FINDS** that Omnilife USA Inc. has so agreed and consented based on the arguments in its papers.  (See, e.g., Mem. (Docket No. 32) at 7 ("In the instant matter . . . an adequate alternative forum exists in Mexico as all of the Defendants are subject to service of process in Mexico. . . .").)

[3]Indeed, numerous cases have found Mexico to be an adequate forum in various contexts.  E.g., Meridian Seafood Products, Inc. v. Fianzas Monterrey, S.A., 149 F. Supp. 2d 1234, 1236-37 (S.D. Cal. 2001) (dismissing case on forum non conveniens grounds where Mexico was adequate alternate forum and where "[a]part from [Mexican party's three] alleged trips and the invoices and telephone calls, all events relevant to this litigation took place exclusively in Mexico"); see also Argueta v. Banco Mexicano S.A., 87 F.3d 320, 322 (9th Cir. 1996) (dismissing RICO action where forum selection clause prescribed jurisdiction to "the Federal Tribunals or the State Courts of Guadalajara, Jalisco or Guaymas, Sonora"); Crown Beverage Co., Inc. v. Cerveceria Moctezuma, S.A., 663 F.2d 886, 888 (9th Cir. 1981) (applying forum selection clause despite argument "that it would be inconvenient for [Plaintiff] to litigate in Mexico and that the Mexican courts might favor a local company over [Plaintiff]").

Complaint at 7-8.)

Nor does it appear that the current forum is the most convenient for the parties.  As an initial matter, as already noted, Moreno has not even been able to bring any of the Omnilife Defendants, aside from Omnilife USA, before this Court.  Furthermore, it is not at all clear as to how Moreno will produce key witnesses at trial.  Of the two main witnesses identified by Moreno, Angelica Fuentes and Defendant Jorge Vergara, neither seem, at present, to be subject to the jurisdiction of this Court--both appear to be Mexican citizens and are apparently husband and wife.  (See (Moreno Decl. (Docket No. 39) ¶ 6.)  Moreno claims that Vergara "owns at least one home in the United States of American and [] travels to Los Angeles often."  (Moreno Decl. ¶ 6.) However, even if Vergara has a home somewhere in the United States, and travels to Los Angeles, that does little to explain how Vergara will be compelled to appear at trial.  Once again: he has not even been served with the complaint in this matter.

Last, the public interest does not favor pursuing Moreno's dispute in this forum.  Moreno, and an allegation that Omnilife would allow him to work in Los Angeles for some of the time, are the only ties to this district.  However, even though Moreno may live here, he is actually a Mexican citizen.  (Cf. Moreno Decl. ¶ 3; Opp. at 8.)[4] Accordingly, this controversy revolves around a Mexican citizen who entered into a putative employment agreement while in Mexico, to work predominately in Mexico, for a Mexican-based company with a U.S. affiliate in Texas.  Furthermore, Moreno actually worked and had his employment terminated in Mexico.  California and this district have

---

[4]Although Moreno does not explicitly state that he is a Mexican citizen, he does not refute Defendant's allegation in this regard.

1  little interest in this controversy.  In addition, "the public

2  interest factors point towards dismissal where the court would be

3  required to 'untangle problems in conflict of laws, and in law foreign

4  to itself.'"  <u>Piper Aircraft</u>, 454 U.S. at 251 (quoting <u>Gulf Oil Corp.</u>

5  <u>v. Gilbert</u>, 330 U.S. 501, 509 (1947).)  This situation presents itself

6  here: Omnilife argues for the application of Mexican law (an issue

7  Moreno completely ignores in his opposition papers).

8      Accordingly, the adequacy of the Mexican judicial system, and the

9  balancing of the private and public interests, all favor dismissal.

10                        **IV.   CONCLUSION**

11     Defendant's motion, filed on the eve of discovery cut-off and on

12  the last day for filing motions, strikes the Court as unusual in two

13  respects.  First, it would seem that this motion could have been

14  brought long ago.[5]  Defendant does not rely on any evidence obtained

15  in discovery, but rests solely on the First Amended Complaint, the

16  Mexican Complaint, and statements from counsel.  Likewise, Moreno does

17  not cite to any evidence obtained through discovery.  As such, the

18  motion could have been brought in the early stages of this litigation.

19  Second, the lack of evidence leads the Court to wonder whether Moreno

20  has been actively pursuing this case at all.  It turns out, he has

21  not.  Moreno has not propounded any discovery whatsoever, has not

22  engaged in any motion practice, and has only served one of five

23

24

25

---

26     [5]However, "[i]n modern litigation, there is generally no time limit on when a
   motion to dismiss for <u>forum non conveniens</u> must be made, which differentiates it
   from the time limits on a motion to dismiss for improper venue set out in Rule
27  12(h), although authority on the point is not extensive."  Charles Alan Wright et
   al., 14D <u>Federal Practice and Procedure</u> § 3828 (2008) (citing, inter alia, <u>American</u>
   <u>Home Assurance Co. v. TGL Container Lines, Ltd.</u>, 347 F.Supp.2d 749 (N.D. Cal.
28  2004)).

1  defendants.[6]  Regardless, given that the locus of this action is

2  Mexico, not California, Moreno's litigation strategy--or lack thereof-

3  -is not relevant.  Accordingly, Defendant's motion to dismiss is

4  **GRANTED**.  The Court hereby **DISMISSES** Moreno's First Amended Complaint.

5

6  **IT IS SO ORDERED.**

7

8  **DATED:**      **March 31, 2009_____**      _____

9                                               **AUDREY B. COLLINS, CHIEF JUDGE**
                                                 **UNITED STATES DISTRICT COURT**
10                                               **CENTRAL DISTRICT OF CALIFORNIA**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27      [6]As noted by Omnilife USA's counsel, "[t]he discovery cut-off of March 16,
    2009 passed silently into the night without Plaintiff propounding interrogatories,
    document demands, or any notices of deposition."  (Hansen Decl. (Docket No. 42)
28  ¶ 4.)  Discovery closed and Plaintiff did not propound any discovery whatsoever.