```
 1                UNITED STATES DISTRICT COURT

 2               CENTRAL DISTRICT OF CALIFORNIA

 3                      WESTERN DIVISION

 4                            ---

 5         HONORABLE AUDREY B. COLLINS, JUDGE PRESIDING

 6                            ---

 7

 8   LAURO GONZALEZ MORENO,    )
                               )
 9              Plaintiff,     )
                               )
10                             )
        vs.                    ) NO:  CV 07-71981-ABC(JCx)
11                             )
                               )
12   OMNILIFE DEMEXICO,        )
     S.A. DE C.V., et al.,     )
13                             )
                Defendants.    )
14   _____)

15

16
              REPORTER'S TRANSCRIPT OF PROCEEDINGS
17    (DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT)

18                   Los Angeles, California

19                    Monday, March 30, 2009

20

21

22                            KATHERINE M. STRIDE, RPR, CSR
                              Official Court Reporter
23                            Roybal Federal Building
                              255 E. Temple Street, Rm. 181-B
24                            Los Angeles, California  90012

25                            (213)625-0677  Fax: (213)625-0688
```

```
 1

 2   APPEARANCES:

 3


 4   In behalf of the Plaintiff:

 5               BARRERA & ASSOCIATES
                 BY:  PATRICIO T.D. BARRERA
 6               1500 Rosecrans Avenue, Suite 500
                 Manhattan Beach, California  90266
 7               (310)802-1500

 8

 9

10

11

12

13   In behalf of the Defendants:

14               ADORNO YOSS ALVARADO & SMITH
                 BY:  RICK D. NAVARRETTE
15               633 W. Fifth Street, Suite 1150
                 Los Angeles, California  90071
16               (213)229-2400

17

18

19

20

21

22

23

24

25
```

```
 1        LOS ANGELES, CALIFORNIA; MONDAY, MARCH 30, 2009;
 2                          10:10 A.M.
 3
 4            THE CLERK:  Item No. 6 on the Court's calendar,
 5   CV 07-7981, Lauro Gonzalez Moreno versus Omnilife
 6   deMexico, S.A. de C.V., et al.
 7            Counsel, please state your appearance.
 8            MR. NAVARRETTE:  Good morning, Your Honor.
 9   Rick Navarrette for the Defendant and moving party,
10   Omnilife, USA, Inc.
11            MR. SALINAS:  Good morning, Your Honor.  Raul
12   Salinas also on behalf of the moving party.
13            MR. BARRERA:  Good morning, Your Honor.  Pat
14   Barrera on behalf of the Plaintiff Lauro Gonzalez
15   Moreno.
16            THE COURT:  All right.  Good morning, Counsel.
17   Have you had a chance to read the tentative?
18            MR. BARRERA:  Yes, Your Honor.
19            THE COURT:  All right.  The tentative does
20   grant the motion to dismiss brought by Omnilife and
21   dismisses based on forum non conveniens.  So I'll hear,
22   first, from Plaintiff.
23            MR. BARRERA:  Your Honor, I would ask the Court
24   to -- to reconsider for the reasons that we do have a
25   trial date here in 90 days.  I understand that there's a
```

1   concern about our litigation strategy in discovery, but
2   I can assure Your Honor that we have witnesses, and we
3   have documents.  We will be ready to try this case in 90
4   days.  If the case is dismissed and if my client is
5   required to litigate in Mexico, by the Defendant's own
6   Declarations, we're talking about a questionable
7   proceeding that may take up to two years.
8               If Your Honor is inclined to grant the motion,
9   I would request that the Court grant the alternative
10  relief and stay the case for a period of time to see
11  what happens in Mexico instead of dismissing it.  My
12  client -- in fact, his wife is in the courtroom right
13  now.  My client is here, a resident of California.  You
14  are correct, he was a citizen of Mexico, but he works
15  here.  He has a green card here.  He has a U.S.
16  citizenship application pending.  He was educated in
17  this country.  He was, as the Complaint says, to work
18  for the Defendants here and in Mexico, and he,
19  specifically, negotiated a relationship with the U.S.
20  Defendant, Omnilife, USA, so that, if there was a
21  problem, he could avail himself of the Courts here, and
22  that's what he's doing.  So I would at least ask
23  Your Honor to stay the case and not dismiss it.
24              THE COURT:  Have you served Angelica Fuentes
25  and Jorge Vergara?

1          MR. BARRERA: No, they are in Mexico. We've
2    spent thousands of dollars with -- we've had everything
3    translated. We went through the Hague Convention
4    protocol. We've knocked on their doors in Guadalajara,
5    Mexico, and we've been given every excuse in the book.
6    Mr. Vergara is a very powerful politically connected
7    influential individual in Mexico. It's not a stretch to
8    say the's the Mexican equivalent of a Warren Buffett, if
9    you will, and getting cooperation in Mexico has been
10   difficult. We're out of pocket several thousand
11   dollars, but we have tried, but my point being, we have
12   a Defendant, Omnilife, USA. Omnilife, USA, was a party
13   to the contract. We can prove that contract with my
14   client's testimony, with the documents, including
15   e-mails that he sent from here when he entered into this
16   contract.
17          THE COURT: All right. Let's hear from
18   Defendants.
19          MR. NAVARRETTE: Your Honor, the problem with
20   this case has been that nothing has happened on the
21   Plaintiff's side. That is the key issue here, no
22   discover propounded, written or otherwise, no
23   depositions, and no real attempt by Declaration or some
24   kind of admissible evidence as to the efforts to bring
25   in the other Defendants, these Mexican corporations.

1  The last time we were here months and months ago,
2  counsel indicated that they were going to go through the
3  Hague Convention and get these Defendants served;
4  apparently, that never happened.  Again, counsel brings
5  up the fact that Mr. Vergara's a famous person and has
6  all this influence and power.  Of course, that's not in
7  a Declaration, but that belies the point that it should
8  have been fairly easy to serve the gentleman in Mexico
9  if he's that well known and available.
10             Again, the problem always with this case is
11 this seems to me, Your Honor to, be nothing more than a
12 place holder lawsuit.  Plaintiff filed a lawsuit here
13 and then ran into Mexico and filed, basically, the same
14 lawsuit in Mexico indicating that he believed Mexico to
15 be inadequate forum, and then this lawsuit, just
16 nothing, nothing happened for months and months and
17 months on end.  That, to me, leaves the conclusion that
18 Plaintiff is indicating to this Court that Mexico is the
19 proper place to pursue his legal theories and claims
20 against the Defendants.
21             As to the request for a stay, Your Honor, the
22 question is why?  Nothing has happened in this case.  So
23 what benefit would there be to a stay?  The Plaintiff,
24 apparently, has chosen not to prosecute this case.  So
25 it seems that this case has no validity or merit to the

1  Plaintiff because nothing has been done to it.  Forum
2  non conveniens also provides for a dismissal,
3  Your Honor.  I think the alternative would be the
4  International Abstention Doctrine, which would allow the
5  Court to either dismiss or stay, but I believe the Court
6  is correct in granting tentatively the motion based on
7  forum non conveniens and the preference is for a stay of
8  the entire action -- excuse me -- the dismissal of the
9  action in favor of the better and adequate forum.
10             THE COURT:  Thank you, counsel.
11             MR. BARRERA:  Your Honor, we've made every
12 requirement by code, by rule.  There's been no motion to
13 compel filed against us.  There's been no Summary
14 Judgment motion.  We have done what we needed to do as
15 far as advancing the ball in this case.  I represented
16 that we have a trial date on June 30, and it's a very
17 straightforward case.  My client had an employment
18 contract.  It was a very specific two-year term.  The
19 Defendant fired him.  They simply need to pay him for
20 what's owed under the contract.  The case would -- it
21 would be a two-day trial.  This is not a case where,
22 quite frankly, there's even going to be a credibility
23 battle.  This is based on the documentation and my
24 client's testimony.
25             So, again, I understand that, you know, there's

1   a representation here about no discovery.  Frankly,
2   we're going to be ready to try this case.  As I said,
3   if -- if they felt that we weren't complying with our
4   duties under the Discovery Act, they would have filed
5   motions to compel.  If they felt the case was lacking in
6   merit, they would have filed a motion for Summary
7   Judgment.  We've been operating in -- in the assumption
8   that this case would go to trial against this Defendant
9   in June, and we can, certainly, still do that.
10             I don't see any prejudice to a stay because of
11  the concerns with litigating in Mexico.  I would ask, if
12  the Court is still inclined to grant the motion, that we
13  be ordered to come back in 45 -- well, three to six
14  months to see where we are in connection with the Mexico
15  case; otherwise, if my client is left without a remedy
16  in Mexico, then he has no remedy at all, and the strong
17  presumption is in favor of denying this type of a motion
18  so that my client can avail himself of his rights and
19  remedies here.
20             Thank you.
21             THE COURT:  All right.  Anything further?
22             MR. NAVARRETTE:  Just a couple of points
23  Your Honor, as to the stay, the other complicating
24  factor the Court noted in the tentative was the fact
25  that we indicated that Mexican law should apply.

1   Plaintiff really didn't address that issue, but that's
2   another reason why a stay didn't make any sense here and
3   dismissal is the appropriate action for this Court to
4   take.
5          As far as a trial date, Your Honor, that really
6   isn't a relevant factor here.  The Plaintiff has done
7   nothing to prosecute this case, simply filing a lawsuit,
8   and then, basically, forgetting about it.  Nothing has
9   been done.  There have been no depositions noticed, and
10  the discovery cut-off has passed.  So the fact that a
11  trial date is coming up is a little consequence since
12  the case, apparently, was never intended to be
13  prosecuted.  It only served as a -- a place holder as I
14  call it for the real lawsuit, which is in Mexico.
15         THE COURT:  Well, let me can address that.
16  There was no opposition to the Defendants' alternative
17  motion that Mexican law applies.  So I assume Plaintiff
18  has conceded that Mexican law applies?
19         MR. BARRERA:  No, Your Honor.
20         THE COURT:  Then why didn't oppose that?
21  Failure to oppose is consent.
22         MR. BARRERA:  Your Honor, we were focusing more
23  on factors under the Colorado River Doctrine and not
24  necessarily on the issue of which law would apply.  If
25  the case stays here, I believe, naturally, California

1   law would apply here.
2           THE COURT:  No.  Well, you can't assume that.
3   You have to go through the choice of law analysis,
4   which, to some extent, at least the Defendants did.
5   That was clearly part of the motion you didn't oppose.
6           MR. BARRERA:  Again, Your Honor, if we're
7   looking where the case belongs, he entered into the
8   contract here.  He was here --
9           THE COURT:  Well, I think -- I don't think
10  that's so clear at all.  As a matter of fact, if
11  anything, it appears that he entered into it in Mexico
12  where he went to finalize the negotiations, but I mean
13  we're not going to have oral argument on that because
14  you didn't oppose, and I think it's either disputed or,
15  if anything, it seems clearer to me now than when you
16  first made that argument.  I thought all the
17  negotiations were by phone or e-mail, but he, actually,
18  went down there.  So it is, certainly, not, quote,
19  "clear" that the contract was entered into in
20  California.  Far from it.
21          MR. BARRERA:  You're correct.  He went down
22  there.  He interviewed in Mexico City.  The job itself
23  was in Guadalajara, Mexico.  So he interviewed in
24  Mexico City, the interview went well, came back here,
25  and then, through a series of e-mails and phone calls,

1   the terms were reached, and then he travelled to Mexico
2   and worked there a few days and then was terminated.
3           THE COURT:  Well, the point is you didn't
4   oppose.  You can't oppose now.  This is a complicated
5   legal analysis.  Your failure to oppose, as you know,
6   under the local rules, means you've consented.  I mean
7   unless, you know, just to say, "Well, I didn't
8   concentrate on that, that's not persuasive, Counsel.
9           MR. BARRERA:  Your Honor, in our compliant we,
10  actually, cite California law including case law that
11  our case is with -- it's on all fours with this
12  particular case whether under a promissory estoppel
13  theory, under a contract theory.  So we're looking at
14  those authorities as the basis for our claim.  It was
15  clear to us that --
16          THE COURT:  Counsel, you're not doing anything
17  right now except arguing.  You're not asking for more
18  time.  You're not -- you know, if this a request of some
19  kind, I don't recognize it, and you cannot make a legal
20  argument on a complicated issue like choice of law by
21  saying, "Well, go back and read the Complaint.  You
22  know, you'll see I'm right."  So I'm -- I'm going to
23  have to consider this.  I will take this under
24  submission, but I will indicate you had plenty of pages
25  let to do so, and if you hadn't, you could have asked

1   for more pages.  In fact, you were under the 25-page
2   limit.  You didn't make an argument on choice of law.
3   Under the local rules, that's consent.  So I will
4   consider the arguments made today.  At this point, I
5   have to move on and call another case, and I'll take it
6   under submission.
7           MR. BARRERA:  Yes, Your Honor.
8           MR. NAVARRETTE:  Thank you, Your Honor.
9               (Proceedings concluded at 10:21 A.M.)
10
11                        --oOo--

**C E R T I F I C A T E**

1
2
3      I hereby certify that, pursuant to Title 28,
4  Section 753, United States Code, the foregoing is a true
5  and correct transcript of the stenographically reported
6  proceedings held in the above-entitled matter and that
7  the transcript page format is in conformance with the
8  regulations of the Judicial Conference of the
9  United States.
10         Certified on May 7, 2009.

KATHERINE M. STRIDE, CSR, RPR
Official Court Reporter
License No. 11773